719 So.2d 1086 (1998)
Patricia G. Pizani, individually and as wife of Glenn A. PIZANI
v.
PROGRESSIVE INSURANCE COMPANY.
No. 98-CA-225.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1998.
*1087 Preston G. Sutherland, New Orleans, for Plaintiff/Appellant.
Philip J. Borne, Janet L. White, New Orleans, for Defendant/Appellee.
Before CANNELLA and DALEY, JJ., and ROBERT M. MURPHY, J. Pro Tem.
DALEY, Judge.
This is an appeal by the plaintiff from a judgment granting the defendant's Motion for Summary Judgment finding that Progressive does not provide uninsured motorist coverage to plaintiff under the facts and circumstances of this case. For reasons assigned, we affirm.

FACTS:
On May 23, 1995, plaintiff, Patricia Pizani, was driving her vehicle which was insured by the defendant, Progressive Insurance Company, when she allegedly struck an object in the highway, causing her to strike the guardrail of the highway. Mrs. Pizani and her husband filed suit against the defendant, seeking to recover under the uninsured motorist portion of the policy. The defendant filed a Motion for Summary Judgment claiming that uninsured motorist coverage was not provided in this instance.
The trial judge granted defendant's Motion for Summary Judgment and plaintiff has appealed.

DISCUSSION:
Louisiana Code of Civil Procedure Article 966 provides that a Motion for Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgments as a matter of law. In 1997, the legislature amended this article to include the following:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
It is well settled in our jurisprudence that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Rapp v. City of New Orleans, 95-1638 (La.App. 4th Cir. 9/18/96), 681 So.2d 433.
On appeal, plaintiff contends that this accident was due to her vehicle striking a ramp which was at one time attached to an unidentified tractor trailer and, therefore, arose out of the "maintenance" of an uninsured motor vehicle. Plaintiff argues that *1088 had the trailer in question been properly maintained, a portion of the trailer would not have fallen off of the trailer and left in the roadway. Plaintiff concludes that because the accident occurred out of the maintenance of an uninsured vehicle, there is uninsured motorist coverage.
The defendant contends plaintiff's argument fails to address the requirement that in order to recover under the circumstances in this case, she must produce an independent disinterested witness. In support of this position, defendant refers to the section of the insurance policy defining an uninsured motor vehicle, which states:
A motor vehicle that does not collide with an insured person, the insured car, or a motor vehicle which an insured person is occupying, but only when the insured person can show, by an independent and disinterested witness, that the damages caused were the result of the actions of the driver of such other motor vehicle.
In further support of their position, defendant cites the pertinent section of the statute governing uninsured motorist coverage, which provides:
Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured. LSAR.S. 22:1406(D)(1)(f).
Clearly the policy and the statutory language require that if there was no contact between plaintiff's vehicle and the alleged uninsured vehicle, plaintiff must produce an independent disinterested witness. In granting the defendant's Motion for Summary Judgment, the trial judge stated, "The plaintiffs allege the existence of a witness; however, in her April 8, 1997 deposition, Patricia Pizani replies that she does not know of any such witness. The court further notes that in the more than two years since the accident, plaintiffs have failed to produce a disinterested witness to support their claim." Our review of the record indicates that on several occasions plaintiff has referred to an independent disinterested witness, however, this witness has never been identified. Plaintiff has relied solely on her pleadings in response to the Motion for Summary Judgment and has failed to introduce evidence to successfully oppose the Motion for Summary Judgment by an affirmative showing of an independent witness.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.