757 So.2d 107 (2000)
Mathew SKIDMORE, Macie Lewis, and Herman Skidmore
v.
INITIAL DSI TRANSPORT, INC., et al.
No. 99-CA-1066.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
Neville G. Orrett, Miguel A. Elias, Kenner, Louisiana, Attorneys for Plaintiffs/Appellants Mathew Skidmore, Macie Lewis and Herman Skidmore.
S. Daniel Meeks, John B. Esnard III, Metairie, Louisiana, Attorneys for Defendants/Appellees Initial D.S.I. Transports, Inc., National Union Fire Insurance Company *108 of Pittsburgh, PA and Kris Kindrick Randolph.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and THOMAS F. DALEY.
DALEY, Judge.
This is an appeal by the plaintiffs, Matthew Skidmore, Macie Lewis and Herman Skidmore, from the granting of a Summary Judgment in favor of the defendants.

FACTS:
This appeal arises from a three vehicle collision which occurred at the intersection of Louisiana Highway 2125 and Louisiana Highway 70. The plaintiffs were stopped at the intersection when they were struck in the rear by an 18-wheeler. The 18-wheeler was struck from behind by a Chevrolet Suburban.
The plaintiffs filed suit against the owner of the 18-wheeler, Initial DSI Transport, Inc. (DSI), the driver, Kris Kindrick Randolph (Randolph), and DSI's insurer, National Union Fire Insurance Company of Pittsburgh, PA (National Union).[1]
On February 8, 1999, the defendants filed a Motion for Summary Judgment, asserting that the 18-wheeler had come to a complete stop, when it was struck by the Suburban. The defendants claimed the Suburban was traveling at a high rate of speed and the impact of the Suburban propelled the 18-wheeler into plaintiffs' vehicle. Thus, the defendants concluded they had no liability for the plaintiffs' injuries.
On March 8, 1999, the trial court granted the defendants' motion. The plaintiffs did not attend the hearing, nor did they file a Memorandum in Opposition to the Motion for Summary Judgment. On March 23, 1999, the plaintiffs filed a Motion to Re-Set the Hearing, claiming they were notified of the hearing on the Motion for Summary Judgment less than ten days prior to the hearing. This motion was granted, and the trial court set aside the judgment granting the defendants' Motion for Summary Judgment. The motion was re-set for April 12, 1999. The plaintiffs did not make an appearance at the hearing, nor did they file a Memorandum in Opposition to the Motion for Summary Judgment. The trial court signed a judgment granting the defendants' Motion for Summary Judgment on April 15, 1999.
On April 26, 1999, the plaintiffs filed a Motion for New Trial based on newly discovered evidence. This "evidence" consists of a report by Lawrence Hamm, Jr., an accident reconstruction expert hired by the plaintiffs, stating that "it is possible that the tractor/trailer struck" the plaintiffs' car prior to the trailer being struck by the Suburban. On July 9, 1999, the trial court signed a judgment granting the defendants' Motion for Summary Judgment and denying the plaintiffs' Motion for New Trial. The plaintiffs have appealed this judgment.

DISCUSSION:
It is well settled in our jurisprudence that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Rapp v. City of New Orleans, 95-1638 (La.App. 4th Cir. 9/18/96), 681 So.2d 433.
Louisiana Code of Civil Procedure Article 966 provides that a Motion for Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. In 1997, the legislature amended this article to include the following:

*109 C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The defendants' Motion for Summary Judgment was accompanied by an affidavit executed by Mr. Rudolph stating that the 18-wheeler had come to a complete stop before striking the rear of plaintiffs' vehicle, that he had the 18wheeler under control at all times, and observed plaintiffs' vehicle, which he followed at a safe distance. Mr. Rudolph further attested that the 18-wheeler did not make any contact with the plaintiffs' vehicle until it was struck from behind by the Suburban.
The statute clearly states if the party in opposition to the Motion for Summary Judgment "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." In the case before us, the plaintiffs had not one, but two opportunities to rebut the assertion that the impact of the Suburban propelled the 18-wheeler into plaintiffs' car. The plaintiffs failed to do so.
The record indicates that a report from the plaintiffs' expert dated April 12, 1999 was filed into the record on April 12, 1999 at 12:25 p.m. This report was unaccompanied by any other documents. The minutes in the record indicate the Motion for Summary Judgment was granted on 4/12/99 at 9:00 a.m. Clearly, the report by plaintiffs' expert was filed after the Motion for Summary Judgment had been granted. Additionally, we note this report was not sworn. As such it did not meet the requirements for documents to oppose a Motion for Summary Judgment. C.C.P. art. 967.
Plaintiffs filed a Motion for New Trial filed on June 14, 1999. A report identical to the one filed in the record on April 12, 1999, but dated April 11, 1999, as well as an affidavit by plaintiffs' expert, attesting to the statements set forth in the report, were attached to the motion. A review of these documents reveals that even if the report and affidavit by plaintiffs' expert had been timely filed, these documents would not have been sufficient to show that plaintiffs would have been able to satisfy their burden of proof at trial. Plaintiffs' expert's report and affidavit state that it is possible that the Suburban impacted the 18-wheeler prior to the 18-wheeler striking plaintiffs' car. This is not sufficient to carry the burden of proving by a preponderance of the evidence that plaintiffs' injuries were due to the defendants' negligence. A mere possibility does not create a material issue of fact.
We find that the trial court correctly granted the defendants' Motion for Summary Judgment and denied the plaintiff's Motion for New Trial. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The driver of the Suburban, Michael McGuire and his insurer, Patterson Insurance Company were also named as defendants. Since this appeal only involves DSI, Randolph and National Union, they will be referred to collectively as the defendants.