907 So.2d 804 (2005)
Jamilh MOHSAN & Dr. Hadi Alkahby
v.
Dr. Criss ROULE-GRAHAM, Lakeside Hospital, Louisiana Patient Compensation Fund and ABC Insurance Company, et al.
No. 05-CA-122.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2005.
*805 Darrell R. Sims, Mandeville, Louisiana, for Plaintiffs/Appellants, Jamilh Mohsan & Dr. Hadi Alkahby.
Blue Williams, L.L.P., Stephen M. Pizzo, Mary K. Peyton, Metairie, Louisiana, for Defendant/Appellee, Lakeside Hospital Company.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
The plaintiffs have appealed the trial court judgment granting the defendant's Motion for Summary Judgment. For the reasons that follow, we affirm.

FACTS:
The plaintiff, Jamilh Mohsan, presented to Dr. Criss Roule-Graham with complaints of uterine fibroids. On July 21, 2000, Dr. Roule-Graham performed a surgical procedure known as myeomectomy to remove the uterine fibroids. The pre-operative history and physical states that Ms. Mohsan wanted to preserve her fertility and did not want a hysterectomy. However, during the surgical procedure, Ms. Mohsan's uterus was removed. On March 14, 2001, plaintiff filed a claim against Dr. Roule-Graham alleging that the physician breached the standard of care in performing the myeomectomy and damaged her uterus. A second claim was filed that included Lakeside Hospital (hereinafter Lakeside). These claims were presented to a medical review panel. After the conclusion of the panel proceedings, plaintiff and her husband filed suit against Dr. Roule-Graham, Dr. Roule-Graham's estate, and Lakeside Hospital, as well as their respective insurers. Dr. Roule-Graham and her estate were dismissed from the suit when the trial court granted an Exception of Lack of Procedural Capacity. This judgment was not appealed and has become final.
Lakeside then filed a Motion for Partial Summary Judgment regarding the claims that it was vicariously liable and/or was the employer of Dr. Roule-Graham. Judgment was granted in favor of Lakeside and all claims against Lakeside regarding vicarious liability for Dr. Roule-Graham's actions were dismissed. That judgment was not appealed and has become final.
Plaintiffs filed an Amended Petition adding Kim Langlois and Mary Persigo, two nurses allegedly employed by Lakeside. This petition alleged that Lakeside is vicariously responsible for their employees' failure to (1) monitor the medical condition of Mrs. Mohsan during the surgery, (2) advise the petitioners until two weeks after the surgery that a hysterectomy had been performed, and (3) provide documentation of consent forms and advise petitioner's husband that a change of procedure consent form would be necessary. Ms. Langlois was voluntarily dismissed and Ms. Persigo was dismissed without prejudice on an Exception of Prematurity. The allegations against Ms. Persigo have not presented to a medical review panel.
Lakeside filed a Motion for Summary Judgment seeking to be dismissed from the suit claiming plaintiffs had no evidence that there was any malpractice by Lakeside or a Lakeside employee. Plaintiffs filed an opposition to this motion claiming that Lakeside presented no evidence that informed consent for the hysterectomy was obtained by its staff. The trial court *806 ruled in favor of Lakeside at the conclusion of the hearing on the motion. This appeal followed.

LAW AND DISCUSSION:
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a Motion for Summary Judgment must be made with reference to the substantive law applicable to the case. Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
In its Motion for Summary Judgment, Lakeside argued that it and its employees had no duty to obtain informed consent of Mrs. Mohsan for the hysterectomy. Lakeside contends that this duty rests solely with the physician performing the procedure. Lakeside also presented affidavits by the three physicians who served on the medical review panel. These physicians attested that they had reviewed the evidence presented to the panel and found no deviation from the standard of care on the part of Lakeside or its employees. In opposition, plaintiffs argued that there were genuine issues of fact as to whether Lakeside obtained informed consent for the hysterectomy. Plaintiffs presented affidavits from Ms. Mohsan and her husband attesting that they did not give consent for the hysterectomy.
R.S. 40:1299.40(E)(7)(c) provides that informed consent is to be obtained by the physician or other health care provider who will actually perform the contemplated procedure. The jurisprudence has held that the hospital where the surgery was to be performed has no duty to inform the patient of the risks of the surgery that was to be performed. Kelley v. Kitahama, 96-45 (La.App. 5 Cir. 5/15/96), 675 So.2d 1181.
Mrs. Mohsan's treating physician, Dr. Roule-Graham, had the sole duty to obtain informed consent for the surgical procedures performed on Mrs. Mohsan. Lakeside and its employees had no duty to obtain Mrs. Mohsan's consent. Accordingly, Lakeside cannot be held liable for any alleged deficiency in the informed consent and the trial judge correctly granted summary judgment in its favor.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.