951 So.2d 1193 (2007)
Kathy Mitchell, Wife of/and Lawrence MITCHELL
v.
KENNER REGIONAL MEDICAL CENTER, Dr. Michael Brothers, Dr. David Kastl and Dr. Bahram Zamanian.
No. 06-CA-620.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2007.
*1194 Lawrence D. Wiedemann, Wiedemann & Wiedemann, Attorney at Law, New Orleans, LA, for Plaintiffs/Appellants.
Kirk P. Groh, Hemelt & Foshee, LLC, Attorney at Law, Covington, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS, and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Plaintiffs/appellees, Kathy Mitchell, wife of/and Lawrence Mitchell, appeal a summary judgment granted by the trial court in favor of defendant/appellee, Lifemark Hospitals of Louisiana, Inc. d/b/a Kenner Regional Medical Center ("Lifemark"). We affirm.
The Mitchells filed suit against Lifemark as well as against Dr. Michael Brothers, Dr. David Kastl, and Dr. Bahram Zamanian, alleging that Mr. Lawrence Mitchell suffered damages following cardiovascular surgery performed by the defendant medical doctors at Kenner Regional Medical Center ("Kenner Regional"). Mr. Mitchell was admitted to Kenner Regional on October 29, 1998 by Dr. Zamanian who treated him for symptoms indicating a heart attack. On the following day, Mr. Mitchell was scheduled to undergo an angiogram and coronary catheterization. He averred that the catheterization was "inexplicably delayed" for about three and one-half hours, or until 4:45 p.m. Then, a coronary artery splintered during the surgery, necessitating an emergency bypass. The bypass surgery was performed at about 7:25 p.m. by Dr. Brothers. According to Mr. Mitchell, as a direct consequence of the delay in the performance of both the catheterization and the bypass surgery, his heart was permanently and irreparably damaged. It was urged that Kenner Regional was negligent under the doctrine of respondeat superior as well as in failing to have a cardiologist available and in failing to inform Mr. Mitchell of such.
A Medical Review Panel examined the complaint and, in September 2000, issued its opinion that, as to Dr. Zamanian, Mr. Mitchell was brought to the operating room for surgery in a reasonable amount of time that is consistent with the community standard of care. With regard to Drs. Kastl and Brothers, the panel concluded that Dr. Kastl was present in the hospital at the time emergency surgery was deemed necessary and the time from when the emergency was declared and the surgery begun was appropriate with an excellent result. Finally, the panel stated that there was nothing in the record to indicate that the hospital and/or its employees deviated from the standard of care.
In March 2002, Kenner Regional filed a Motion for Summary Judgment, alleging *1195 there was no conflicting expert medical testimony offered and that, as a matter of law, Mr. Mitchell could not carry his burden of proof. At that time, summary judgment was denied. The trial court found that a narrative summary by Dr. Kastl indicated that it was Kenner Regional's policy to have a surgical team available during a catheterization, and that a "trier of fact could infer negligence . . . based on the statement without further expert testimony if it concluded that the policy was not followed." (Emphasis as found in the original.) The narrative report by Dr. Kastl, which was attached to the submission of evidence to the Medical Review Panel, contained the following statement:
It should be stated that Kenner Regional Medical Center has had a Cardiac Cath Lab policy stating that no PTCA's procedures are to be performed without notification of a surgical crew, who has agreed to be on standby for a PTCA attempt. The policy also states that the Operating Room will also be notified to prepare availability of an Operating Room suite with a surgical crew. There was no notification to myself or to Dr. Brothers by Dr. Zamanian that he was performing a PTCA procedure. In addition, to my understanding, there was also no notification to the Operating Room for standby clearance for his PTCA attempt on Mr. Lawrence Mitchell.
After new trial was denied, writs taken to this Court were denied because Kenner Regional failed to attach its supporting documents to the application. Mitchell v. Lifemark, et al., Writ No. 02-C-819 (La. App. 5 Cir. 10/18/06). In July 2005, following discovery, Kenner Regional filed another Motion for Summary Judgment again alleging that Mr. Mitchell had failed to produce any expert testimony to substantiate his claim. The hearing on the motion was originally set for August 2005 but continued on motion of Mr. Mitchell's attorney until October 14, 2005. Then, Hurricane Katrina disrupted all legal proceedings. On October 18, 2005, Kenner Regional filed another motion to continue, and the hearing was reset for December 16, 2005. Service of the motion was made by certified mail, proof of which service was presented to the court. On the date scheduled for hearing, counsel for Mr. Mitchell did not appear. The court questioned Kenner Regional's attorney, who stated to the court that he had had telephone contact with counsel since the hurricane, had successfully faxed a copy of the order resetting the hearing, and had received no opposition to it. Because service of the hearing was proven, and Mr. Mitchell had filed no opposition, summary judgment was granted.
Three days later, Mr. Mitchell filed a motion to continue the hearing, which was denied by the trial court as moot. On appeal, he does not contest the judgment on any procedural grounds but, rather, urges that a question of material fact exists regarding the commencement of the catheterization without the presence of a surgical team or the availability of a surgical suite. Mr. Mitchell contends that the opinion of the Medical Review Panel is not the type of personal knowledge contemplated under LSA-C.C.P. art. 967 to support summary judgment.[1]
Appellate courts review summary judgments de novo under the same criteria *1196 that govern the district court's consideration of whether summary judgment is appropriate.[2] This standard of review requires the appellate court to look at "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," in making an independent determination that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.[3] Both the evidence and all inferences drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in his favor.[4]
Under LSA-C.C.P. art. 967, when a motion for summary judgment is made and properly supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in the statute, must set forth specific facts showing that there is a genuine issue for trial. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. At that point, if the party opposing the motion fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
Here, Kenner Regional supported its motion with a copy of the opinion of the Medical Review Panel, and the affidavit of Dr. Nick Moustoukas, a member of the panel who reiterated his opinion as stated in the findings of the review panel. In a medical malpractice case, the medical review panel's opinion is admissible as expert evidence on a motion for summary judgment.[5] Kenner Regional also submitted an Answer to Interrogatories filed by Mr. Mitchell in which Mr. Mitchell listed seven physicians he believed would find that Kenner Regional violated hospital policy and that this resulted in permanent damage to his vascular system. One of those named was Dr. Kastl. To counter that, Kenner Regional produced Answers to Interrogatories propounded to Dr. Kastl wherein the physician stated it was not his opinion that any acts or omissions of Kenner Regional, or of any other defendant, caused Mr. Mitchell to suffer an injury that would not have otherwise occurred. The opinion of the Medical Review Panel has been found to constitute a prima facie case that no issues of material fact exist, thus shifting the burden to the plaintiff.[6]
Our de novo review discloses that there is no competent evidence in the record in opposition to the Motion for Summary Judgment.
In the record are affidavits filed by the Mitchells, which cite a statement made by Dr. Brothers, that the delay in performance of the surgery caused irreparable damage to Mr. Mitchell's heart and necessitated emergency surgery. With regard *1197 to Kenner Regional, these affidavits contain inadmissible hearsay not made on personal knowledge and, thus, are not competent evidence in a motion for summary judgment. Similarly, the narrative by Dr. Kastl is unsigned, undated, and unworn. In meeting the burden of proof, unverified documents, such as letters or reports annexed to motions for summary judgment are not self-proving and, therefore, will not be considered as competent summary judgment evidence.[7] The attestation by Mr. Mitchell's counsel that this narrative was attached to the submission of evidence to the Medical Review Panel does not cure the problem. Finally, merely referring to an expert, as Mr. Mitchell did in his Answers to Interrogatories, will not defeat a properly supported motion for summary judgment.[8]
Under these circumstances, we find the court properly granted summary judgment in favor of Kenner Regional. The judgment is affirmed, and all costs are taxed to the Mitchells.
AFFIRMED.
NOTES
[1] Citing Robertson v. Northshore Reg'l Med. Center, 1997-2068 (La.App. 1 Cir. 9/25/98), 723 So.2d 460.
[2] Duncan v. U.S.A.A. Ins. Co., 2006-363 (La.11/29/06), 950 So.2d 544.
[3] Hebert v. St. Paul Fire and Marine Ins. Co., XXXX-XXXX (La.App. 4 Cir. 2/23/00), 757 So.2d 814.
[4] Id.
[5] Garrison v. Tanenbaum 02-1181 (La.App. 5 Cir. 4/8/03), 846 So.2d 40; Blankenship v. Ochsner Clinic Found., XXXX-XXXX (La.App. 4 Cir. 8/16/06), 940 So.2d 12; Williams v. Mem' l Med. Center, XXXX-XXXX (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, writ denied, XXXX-XXXX (La.6/4/04) 876 So.2d 93.
[6] Garrison v. Tanenbaum, supra.
[7] Williams v. Mem'l Med. Center, supra.
[8] Edwards v. Raines, 35,284 (La.App. 2 Cir. 10/31/01), 799 So.2d 1184.