977 So.2d 109 (2008)
INPUT/OUTPUT, INC. and I/O Marine Systems, Inc.
v.
WILSON GREATBATCH, INC. & Wilson Greatbatch, Ltd. d/b/a Electrochem Lithium Batteries.
No. 07-CA-570.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*111 Miles P. Clements, Michael B. North, Attorneys at Law, New Orleans, Louisiana, Jerry von Sternberg, Pro Hac Vice, Houston, Texas, for Plaintiff/Appellant.
Joseph W. Looney, Attorney at Law, New Orleans, Louisiana, Michael E. Maxwell, Attorney at Law Buffalo, New York for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Input/Output Marine Systems, Inc., filed the instant suit for damages and injunctive relief against Wilson Greatbatch Technologies, Inc. and Wilson Greatbatch Ltd. d/b/a Electrochem Lithium Batteries alleging various causes of action for breach of fiduciary duty, breach of contract, violations of Louisiana Unfair Trade Practices Act and Uniform Trade Secrets Act, unjust enrichment and conversion. Plaintiff subsequently filed an amended petition naming I/O Marine Systems, Inc. an additional plaintiff and alleging additional causes of action in breach of confidence and fraud.
Defendants subsequently filed a motion for summary judgment on the grounds that plaintiffs are unable to meet their burden of proof at trial. Specifically, defendants argue that plaintiffs failed to submit sufficient evidence to prove that defendants used confidential information as defined in the agreement between the parties or any novel information that was protected by a trade secret. They also argued that any confidential information was obtained from plaintiffs or others prior to the execution of the confidentiality agreement. The trial court granted the summary judgment and dismissed plaintiffs' suit with prejudice. Plaintiffs now appeal from this ruling.

Facts and Procedural History
The following facts are not in dispute:
Plaintiffs are engaged in the business of providing seismic instrumentation and surveying products to the land and marine mineral exploration industry. During late 1996 and early 1997, plaintiffs contacted several battery manufacturers, including defendants, regarding the possibility of these manufacturers developing a specialized long-term life battery for use with plaintiffs' marine seismic exploration product, known as and referred to the parties as "the Bird." The Bird, a radar-emitting device, controls the depth and position of a towed marine seismic cable as a vessel navigates, and the battery was necessary to power the Bird.
On April 24, 1997, plaintiffs' predecessor, DigiCOURSE, Inc. entered into a Mutual Confidential Disclosure and Trust Agreement ("the Confidentiality Agreement") with defendants which precluded both parties from disclosing the other's confidential information and trade secrets and prohibited both parties from relying on information obtained from the other for its own benefit. After this agreement was executed, the parties began exchanging *112 technical information for the development of the project. However, negotiations fell through based on the parties' inability to agree on a price for the battery. Defendants continued to develop the battery and eventually marketed a "Super D" battery for use in the "Bird" at a price less than the price charged by plaintiffs for its battery. Plaintiffs' suit followed.
By their motion for summary judgment, defendants argued that the terms of the Confidentiality Agreement governs the obligations of the parties, and pursuant to this agreement, the provisions are to be construed in accordance with New York law. Defendants further contend that because there is an express contract between the parties, plaintiffs' non-contractual claims of breach of confidence, breach of fiduciary duty and unjust enrichment must fail.
Plaintiffs opposed the motion, and argued that the choice of law provision in the agreement between the parties only applies to the breach of contract claims and not to plaintiffs' tort claims. Further, plaintiffs contend that defendants failed to meet their burden of proof on summary judgment to rebut each cause of action asserted as a matter of law. Finally, plaintiffs contend that they submitted sufficient proof to meet their burden at trial to establish that defendants obtained and disclosed confidential information from plaintiffs in violation of the confidentiality agreement.
In rendering summary judgment in favor of defendants on all claims asserted by plaintiffs, no reasons for judgment were assigned by the trial court.

Issues
Plaintiffs present the following issues on appeal:
1. The District Court did not properly apply Louisiana Summary Judgment Standards and procedure when it granted WGL's global summary judgment and dismissed all of I/O's claims in the face of numerous genuine issues of material fact.
2. The District Court improperly applied New York law to all of I/O's claims.

Summary Judgment Law
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991); Pizani v. Progressive Ins. Co., 98-225, p. 3 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122, p. 4 (La.App. 5 Cir. 6/28/05), 907 So.2d 804, 806, writ denied, 05-1976 (La.2/3/06), 922 So.2d 1184.
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Mitchell v. Kenner Regional Medical Center, 06-620 p. 5 (La. *113 App. 5 Cir. 1/30/07), 951 So.2d 1193, 1196. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id., Hyman v. East Jefferson General Hosp., 04-1222, pp. 3-4 (La.App. 5 Cir. 03/01/05), 900 So.2d 124, 126.
In determining whether to admit expert opinion evidence at the summary judgment stage, the Daubert-Foret standards should be considered by the trial judge. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 16 (La.2/29/00), 755 So.2d 226, 236, citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and State v. Foret, 628 So.2d 1116 (La.1993). In the Independent Fire Ins. case, the Supreme Court reinforced several underlying important principles:
The first is that the trial judge cannot make credibility determinations on a motion for summary judgment. See Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc., 99-C-0201, p. 6 (La.10/19/99), 748 So.2d 417 ("[t]he rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony"); Maraist & Lemmon, supra, p. 145 ("[i]n deciding a motion for summary judgment, the court must assume that all of the affiants are credible . . ."). Second, the court must not attempt to evaluate the persuasiveness of competing scientific studies. In performing its gatekeeping analysis at the summary judgment stage, the court must "focus solely on the principles and methodology, not on the conclusions they generate." Daubert, supra at 595, n. 6, 113 S.Ct. 2786. Third, the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion." Maraist & Lemmon, supra, p. 145. Fourth, and most importantly, summary judgments deprive the litigants of the opportunity to present their evidence to a jury and should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under Daubert-Foret and the other applicable evidentiary rules, and is sufficient to allow a reasonable juror to conclude that the expert's opinion on a material fact more likely than not is true, the trial judge should deny the motion and let the issue be decided at trial.

Id. 99-2181 at pp. 16-17, 755 So.2d at 236; See also, Willis v. Medders, 00-2507, pp. 2-3 (La.12/8/00), 775 So.2d 1049, 1050-51.

The Confidentiality Agreement
The Mutual Confidential Disclosure and Trust Agreement which was executed between the parties and upon which this lawsuit is based provides as follows:
This Agreement, made by and between Wilson' Greatbatch, Ltd. (WGL) and DigiCOURSE, INC.; and WHEREAS, each party wishes to disclose to the other party certain confidential information pertaining to WGL power sources and DigiCOURSE seismic surveying equipment; and WHEREAS, each considers such Confidential Information to be of great value, it is agreed as follows:
1. The term "Confidential Information" as used herein means all information, data, drawings, models, processes, trade secrets and written or oral descriptions *114 relating to WGL power sources and DigiCOURSE seismic surveying equipment. Each party agrees to provide a written description of all Confidential Information which is orally disclosed to the other party. Such written description shall be submitted within thirty days of such disclosure.
2. Each party agrees to receive in trust and keep confidential any such Confidential Information obtained from the other, and not to disclose such information to any third party nor use same for their own benefit nor permit its use for the benefit of others without the prior written consent of the disclosing party.
3. The obligation of confidence herein imposed shall not apply to any information (i) that was known by the receiving party before disclosure thereto by the disclosing party as evidenced by the receiving party's prior written records, (ii) which is or becomes published through no fault of the receiving party, or (iii) which is obtained by the receiving party from a third party under no obligation to the disclosing party not to disclose same.
4. The obligation of confidence with respect to a given disclosure shall continue for a period of five years from the time of disclosure.
5. The parties mutually agree that this Agreement and its respective provisions are and shall be construed in accordance with the laws of the State of New York.
(Emphasis in the original).
In support of its motion for summary judgment, defendants submitted evidence including pleadings, answers to interrogatories, a copy of the agreement between the parties, excerpts from depositions, as well as copies of memorandum, data sheets and specification sheets. Defendants also rely on a copy of correspondence from George Blomgren of Blomgren Consulting Services Ltd. to defendants' counsel opining that defendants possessed most of the information required to design the battery prior to the execution of the non-disclosure agreement and that any information they obtained from plaintiffs could have been easily obtained from an end user of plaintiffs' product.
Plaintiffs complain that the bulk of the evidence submitted by defendants in support of their motion is unauthenticated hearsay documents which are inadmissible and should not have been considered by the trial court. We agree.
Pursuant to Article 966(B), a summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Moreover, Article 967 provides, in pertinent part, as follows with regard to the requirements for affidavits and evidence in support thereof:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
Articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. In meeting the burden of proof, unverified documents, such as letters or reports annexed to motions for summary judgment are not self-proving and, therefore, will not be considered as competent summary judgment evidence. Mitchell v. Kenner Regional Medical Center, supra, 06-620, p. 7, 951 So.2d at 1197.
*115 A document that is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether there are remaining genuine issues of material fact. Further, unless the motion for summary judgment is supported by affidavits, together with sworn or certified copies of all papers or documents referred to, La. C.C.P. art. 967 does not shift the burden to the adverse party to set forth specific facts showing that there is a genuine issue for trial. Robertson v. Northshore Regional Medical Center, 97-2068, pp. 5-6 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 464, 465. See also, Sanders v. J. Ray McDermott, Inc., 03-64, pp. 6-7 (La.App. 1 Cir. 11/7/03), 867 So.2d 771, 775.
Plaintiffs argue that the report of defendants' designated expert, George Blomgren, is unauthenticated hearsay and was the subject of a Daubert[1] motion which the trial court failed to rule upon prior to granting summary judgment. The record indicates that on January 31, 2007, plaintiffs brought a Daubert/Foret motion and memorandum in support of motion in limine to disqualify and exclude testimony of defendants' expert George Blomgren. Attached to this motion is Mr. Blomgren's resume as well as excerpts from his deposition. The record also indicates that this matter was not heard by the trial court prior to its ruling on February 16, 2007 on defendants' motion for summary.
The documents attached to defendants' motion for summary judgment contain correspondence prepared by George Blomgren at the request of defendants' counsel. Neither Mr. Blomgren's deposition nor an affidavit by him were submitted in support of the motion for summary judgment. Rather, the correspondence prepared by Mr. Blomgren is unsworn and as such it does not meet the requirements for documents to oppose a motion for summary judgment. La. C.C.P. art. 967; Skidmore v. Initial DSI Transport, Inc., 99-1066, p. 5 (La.App. 5 Cir. 2/29/00), 757 So.2d 107, 109.
Much of the remaining evidence offered in support of defendants' motion for summary judgment was in the form of excerpts of depositions and documents identified in conjunction therewith. The first is an eight page excerpt of the deposition of Michael Pyszczek, an employee of defendants[2], who identified a document referred to as "Exhibit 14." This exhibit is an interoffice memorandum dated February 2, 2000 from another employee, Brian LaPrade, containing a summary of the key inputs that were used to define requirements of the "Super D" battery pack designed by defendants. This memo refers to a group of documents upon which defendants relied in the development of the battery pack. There is no affidavit or deposition of Mr. LaPrade in the record which identifies the memo prepared by him, nor are the documents referred to in Mr. LaPrade's memo sworn to or otherwise verified.
During his deposition, Mr. Pyszczek was questioned as to whether defendants used additional information other than what was contained in "Exhibit 14" to develop the battery pack. The witness testified as follows:

*116 I can't speak to the final design of the battery pack. And the design of the cell of which there were four in the batter pack, no, we didn't use any additional information other than what was in here.
* * * *
The final  again, truthfully, the final design of the battery pack what rolled out the door as that part number, I can't say what went into the final adjustment of that. I was not with the program.
In Premier Restaurants, Inc. v. Kenner Plaza Shopping Center, L.L.C., 99-1310, p. 10 (La.App. 5 Cir. 8/29/00), 767 So.2d 927, this Court stated as follows:
The initial determination, on a motion for summary judgment, is whether the supporting documents presented by the moving party are sufficient to resolve all material issues of fact, if they are not sufficient, summary judgment should be denied. To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact.
A document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact. An unsworn and unverified document is insufficient. Thus, statements made in letters rather than by affidavits have no evidentiary value.

Id., 99-1310, p. 10, 767 So.2d at 932-933. (Citations omitted.)
After a careful review of the documentation submitted in support of defendants' motion for summary judgment, we fail to find these documents are of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact. Unless the motion has been made and supported by affidavits, together with sworn or certified copies of all papers or documents referred to, or depositions or answers to interrogatories, La. C.C.P. art. 967 does not shift the burden to the adverse party to set forth specific facts showing that there is a genuine issue for trial. Murphy v. L & L Marine Transp., Inc., 97-33 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045, 1048. To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. In making this determination, the mover's supporting documents must be closely scrutinized and the non-mover's indulgently treated. Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party. Id. Without the appropriate supporting documentation, the mover cannot be said to be entitled to summary judgment.
Although we conclude herein that defendants failed to meet its burden on summary judgment we nevertheless find that plaintiffs submitted evidence indicating there remain issues of material fact which preclude summary judgment in this case. If qualifying evidence is submitted in opposition to a motion for summary judgment that creates a dispute as to a genuine issue of material fact, a motion for summary judgment should be denied. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 19 (La.2/29/00), 755 So.2d 226, 237.
In opposition to defendants' motion, plaintiffs presented the authenticated sworn report as well as the deposition *117 testimony of Dr. Samuel Levy which opines that defendants misappropriated and used confidential information belonging to plaintiffs, specifically the development of the target board, the electrical requirements of the "Bird," and the internal configuration of the device. When the party opposing the summary judgment motion submits expert evidence that would be admissible and that is sufficient to allow a reasonable juror to conclude the expert's opinion more likely than not is true, the court should deny the summary judgment motion. Willis v. Medders, 00-2507 p. 3 (La.12/8/00), 775 So.2d 1049, 1051.
In addition to the expert report, plaintiffs provided the sworn deposition testimony of Prabhat Jain which details numerous instances when plaintiffs provided confidential information to defendants. Specifically, Mr. Jain referred to the absence of cutoff voltage for the battery, the specific oscilloscope readings, the diode specifications, little nuances of the float in the connectors, and the type of materials to be used for seawater immersion. Mr. Jain concluded that although defendants may have obtained general information from other sources, the "Super D" battery could not have been developed by defendants without getting input from plaintiffs on a number of details because it was a special application battery.
At the very least, this documentation presents genuine issues of material fact which preclude the granting of summary judgment in this matter. Whether plaintiffs provided confidential information or trade secrets to defendants are factual questions and material issues of fact that are still in dispute and require a determination by the trier of fact. As there are material issues of fact in dispute, this case was not appropriate for summary judgment.
Defendants argued on its motion for summary judgment that New York law applies to the contract between the parties and any duties arising as a result of the agreements contained in the contract. As no reasons for judgment were assigned by the trial court, we are unable to determine whether the court applied New York or Louisiana law in granting defendants' summary judgment. Nevertheless, we have determined that notwithstanding the parties' agreement to interpret the contractual provisions in accordance with New York law, defendants have failed to meet their burden of proving they are entitled to judgment as a matter of law on any of the causes of action asserted by plaintiffs.

Conclusion
For the foregoing reasons, the trial court judgment granting summary judgment in favor of defendants is hereby reversed, and this matter is remanded to the trial court for further proceedings. Costs are assessed to defendants, Wilson Greatbatch, Inc. and Wilson Greatbatch, Ltd. d/b/a Electrochem Lithium Batteries.
REVERSED AND REMANDED.
NOTES
[1] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[2] Defendants state in their appellate brief that Mr. Pyszczek is their "chief engineer" but this information is not contained in the portion of the deposition contained in the record.