979 So.2d 523 (2008)
Kathy Mitchell, Wife of/and Lawrence MITCHELL
v.
KENNER REGIONAL MEDICAL CENTER, Dr. Michael Brothers, Dr. David Kastl and Dr. Bahram Zamanian.
No. 07-CA-630.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
Lawrence D. Wiedemann, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Harvey J. Godofsky, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Kathy Mitchell, wife of/and Lawrence Mitchell, plaintiffs-appellants, *524 from as summary judgment in favor of Dr. Bahram Zamanian, defendant-appellee, in this medical malpractice action. For the following reasons we affirm the judgment.
The facts of this case are set forth in Mitchell v. Kenner Regional Medical Center, 06-620 (La.App. 5 Cir. 1/30/07), 951 So.2d 1193, and therefore need not be repeated in detail here. We do however note the following particulars which are relevant to this appeal.
Lawrence Mitchell, plaintiff, was seen by Dr. Bahram Zamanian at Kenner Regional for an apparent heart attack. An angiogram and coronary catheterization were scheduled for the next day. There was a three and one-half hour delay in the procedures until 4:45 p.m., and during the surgery a coronary artery splintered necessitating an emergency bypass procedure. The bypass was performed at 7:25 p.m.
Plaintiff brought this medical malpractice claim against various health care providers, including Kenner Regional and Dr. Zamanian. His theory of the case is as follows. Kenner Regional has a policy in effect which requires all doctors performing coronary catheterizations to notify a standby surgical crew of the impending procedure, and verify that there is an operating room available in the event it is needed. He alleges that this was not done and that there was a consequent delay in performing the bypass surgery which resulted in irreparable damage to his heart.
A medical review panel concluded that none of the defendants committed any acts which fell below the proper standard of medical care. It also concluded that "The time frame as to when the emergency was declared and the [bypass] surgery was begun was appropriate with an excellent result."
Kenner Regional urged a motion for summary judgment and attached thereto the report of the medical review panel. Plaintiff opposed the motion, but did not present any competent expert testimony to refute the conclusions of the panel. Summary judgment was entered in favor of the hospital, and that judgment was affirmed on appeal in Mitchell v. Kenner Regional Medical Center, supra. In that opinion this court specifically rejected plaintiff's theory that the alleged failure to notify a surgical standby team and to have an operating room ready caused him any injury.
In the present matter, plaintiff has again urged his theory of damages due to delay, but he has still not presented any further expert opinion to refute the contrary conclusions of the medical review panel. In these circumstances and for the reasons expressed in Mitchell v. Kenner Regional Medical Center, supra, we again find that plaintiff has not come forward with evidence that would establish his case at trial, and therefore that Dr. Zamanian's motion for summary judgment was properly granted.
AFFIRMED.