989 So.2d 117 (2008)
Miguel A. CALANCE, Jose Luis Rodriguez, and Luis Fernando Paz
v.
Linda L. WILLIAMS, Ronald Williams, and Progressive Security Insurance Company.
No. 08-CA-149.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2008.
Romualdo Gonzalez, Kyle S. Sclafani, Braden, Gonzalez & Associates, New Orleans, Louisiana, for Plaintiffs/Appellants.
Todd L. Lacoste, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
Plaintiffs/appellants, Miguel Calance, Jose Luis Rodriguez, and Luis Fernando Paz ("Calance et al."), appeal a summary judgment in favor of defendant/appellee, Progressive Security Insurance Company ("Progressive"), dismissing all claims against. For the reasons to follow, we affirm.
Calance et al. filed suit against Linda L. Williams ("Linda"), Ronald Williams ("Ronald"), and Progressive for injuries they sustained in a rear-end collision occurring on September 15, 2004. Linda was driving a 2003 Chevrolet Malibu and was legally married to Ronald. Progressive filed a Motion for Summary Judgment on the question of coverage, alleging that, at the time of the accident, Linda was not driving a "covered vehicle," nor was she an insured under its policy. Following oral *118 argument, the trial court granted judgment in favor of Progressive.
In connection with its motion, Progressive submitted its policy, pointing out to the court certain definitions and terms. The policy had been issued to Ronald, who, according to the Declarations page effective September 1, 2004, was the only named insured, although Linda was named as a household resident. According to Progressive, at the time of the accident, Ronald and Linda had been living separate and apart and had filed for divorce. Ronald was the sole owner of the former matrimonial domicile. The Declarations page further showed that, as of its effective date, the 2003 Malibu had been removed from coverage. Progressive also pointed to other provisions in the policy to demonstrate Linda's exclusion from coverage.
Under General Definitions, a "Covered Vehicle" is defined in relevant part as "any vehicle shown on the Declarations Page, unless you have asked us to delete that vehicle from the policy." A "relative" means "a person residing in the same household as you, and related to you by blood, marriage, or adoption, including a ward, stepchild, or foster child...." "You" and "Your" are terms defined as "a person or persons shown as a named insured on the Declarations Page; and the spouse of a named insured if residing in the same household." Under Additional Definitions, an insured person is "you or a relative with respect to an accident arising out of the ownership, maintenance, or use of a covered vehicle." According to the policy, the terms "owned" and "ownership" mean the person holds legal title to the vehicle, or has legal possession in accordance with a lease or written security agreement.
Progressive also submitted an affidavit executed by Ronald stating that, for several months before and on September 14, 2004, he was separated from Linda; that Linda was not allowed in his residence during that time, and that there was a restraining order prohibiting her from entering the residence, which was owned solely by him; that he requested the Malibu be removed from coverage on the policy; and that Linda was the registered owner of the Malibu. Another affidavit executed by Debra Henry, custodian of Progressive's records, stated that she reviewed the underwriting records of Progressive and determined that the Malibu was specifically excluded from coverage on Ronald's policy and that Progressive did not have in force or effect any policies that would have provided coverage to Linda.
In opposing the motion, counsel for Calance et al. submitted his affidavit asserting that he had reviewed the Williams' divorce proceedings and that no divorce had been granted, nor had any action been taken since the petition for divorce was filed and temporary restraining order granted in August of 2003. Calance et al. argued there, as on appeal, that Progressive has not shown Linda's intent to abandon the community household, which presents a question of fact as to whether she is covered under the policy; and Progressive has not demonstrated Linda's separate ownership of the Malibu, raising a question of fact as to whether it was covered by the policy.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate.[1] Thus, this Court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
*119 Under LSA-C.C.P. art. 967, when a motion for summary judgment is made and properly supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in the statute, must set forth specific facts showing that there is a genuine issue for trial. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. At that point, if the party opposing the motion fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).[2]
Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded.[3]
Here, the Declarations Page shows the Malibu driven by Linda was removed from coverage for some time prior to the accident. Nevertheless, it also shows Linda as a "household resident," although she was not a named insured. However, the affidavit of Ronald attests that Linda did not reside with him and that she was the registered owner of the Malibu. Under LSA-C.C.P. art. 967, the burden of proof, thus, shifted to Calance et al. to set forth admissible evidence or affidavits that show a genuine issue of material fact. The only evidence submitted by Calance et al. was to the effect that Ronald and Linda had indeed filed for divorce and that a restraining order had been issued. To the extent there was an issue as to the status of Linda as a spouse residing in the household, it was refuted by Ronald's affidavit. Calance et al. did not provide a countervailing affidavit or otherwise rebut this issue, nor did they attempt to counter the ownership issue regarding the Malibu. Under the circumstances of this case, we find no reasonable interpretation of the policy, when applied to the evidence provided by Progressive, which would afford coverage to Linda.
Calance et al. argue that Linda's intent to abandon the matrimonial domicile is a material issue of fact preventing summary judgment. The case cited in support of this proposition is distinguishable on their facts. In Bearden v. Rucker,[4] the wife, who was living separate and apart, testified that she still considered reconciliation a possibility, although her husband had obtained a legal separation. The automobile insured in that case was jointly owned. The insurance policy was renewed after the parties separated but before the judgment of legal separation. At the time of renewal, the agent was fully informed of the fact that Ms. Bearden had possession of the auto and that she was not then living in the family home with Mr. Bearden. The policy was renewed, with the inclusion of the auto, and premiums were paid for that coverage. Ms. Bearden retained keys to the family home where she visited several times a week and occasionally had meals with her children. She testified that she was free to come to and go from the family home as she pleased. These factors are not present in the instant *120 case, and no attempt was made to present the issue of intent in opposition to the motion.
Because Calance et al. failed to carry their burden of proof, we find the trial court properly granted summary judgment. The judgment is affirmed, and all costs are taxed to appellants.
AFFIRMED.
NOTES
[1] Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730.
[2] See also, Mitchell v. Kenner Reg'l Med. Center, 06-620 (La.App. 5 Cir. 1/30/07), 951 So.2d 1193.
[3] Hayne v. Woodridge Condominiums, Inc., 06-923 (La.App. 5 Cir. 4/11/07), 957 So.2d 804.
[4] 437 So.2d 1116 (La.1983).