WALTER J. ROTHSCHILD, Judge.
 

 | .¿Plaintiff appeals from a summary judgment rendered in favor of defendant, the City of Kenner. For the reasons which follow, we affirm.
 

 Stacy Duhe filed the instant petition for damages on March 11, 1999 against several government entities alleging that she was improperly arrested and incarcerated on two separate occasions and suffered damages as a result. Plaintiff alleges that the first arrest occurred on March 12,1998 when she was stopped for a traffic violation by the Harahan Police Department. During the course of the stop, she was arrested on an outstanding warrant for a probation violation, and she was incarcerated in the Jefferson Parish jail. It was subsequently discovered that plaintiff was not the probation violator, but that her sister, Andrea Duhe, had improperly used her identity during a guilty plea for prostitution and possession of a controlled dangerous substance. Plaintiff was released from custody and the Jefferson Parish District Attorney moved to modify the outstanding charges to read Andrea |sDuhe rather then Stacy Duhe. However, the name on the warrant was not immediately corrected.
 

 Plaintiff further alleges that on August 18, 1998, she was stopped by Detective Brian McGregor of the Kenner Police Department for suspicious activity and was arrested based on an outstanding warrant for a probation violation. According to the petition, the stop was without probable cause and the arrest occurred in the presence of plaintiff’s young son, Jermaine. Plaintiff was incarcerated for several hours at the Kenner Police Department, was treated very poorly while in custody, and was forced to walk home when she was released. She alleged that she suffered humiliation, stress and distress as a result of both wrongful arrests, and that her son Jermaine suffered emotional stress and trauma as a result of the second arrest.
 

 Plaintiff also alleged that the warrant remained outstanding until February of 1999, and that she feared another arrest and incarceration during this time period. She alleged she incurred $880.00 in attorney fees to have the warrant cancelled.
 

 
 *340
 
 Plaintiff named as defendants in this action the State of Louisiana, through the Probation and Parole Office of the Department of Corrections, the City of Harahan, the City of Kenner, and Jefferson Parish Sheriff Harry Lee.
 
 [1]
 
 She alleged that the State and the Jefferson Parish Sheriffs office failed to timely cancel the warrant in her name and learning it was improperly issued. She further alleged a violation of her constitutional rights by the City of Kenner’s failure to verify the correctness of the warrant which resulted in an unlawful incarceration.
 

 |4In January of 2004, plaintiff settled with and dismissed with prejudice the City of Harahan. On April 3, 2008, the City of Kenner filed the present motion for summary judgment on the basis that the Ken-ner police detective had reasonable basis for the stop of plaintiff and that there was no violation of her constitutional rights. Defendant attached to its motion a copy of the deposition of Detective Brian McGre-gor, a copy of plaintiffs deposition and a copy of the police report from the Kenner incident dated August 18,1998.
 

 Plaintiff opposed the summary judgment and attached copies of her own deposition, as well as the deposition of Detective McGregor and a copy of the deposition of Janet Cockren, a correctional officer at the Kenner jail on the date plaintiff was arrested.
 

 Following a hearing, the trial court took the matter under advisement and, on November 10, 2008, rendered judgment in favor of the City of Kenner. This appeal followed.
 

 Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Schroeder v. Board of Sup'rs of Louisiana State University,
 
 591 So.2d 342 (La.1991);
 
 Pizani v. Progressive Ins. Co.,
 
 98-225, p. 3 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case.
 
 Mohsan v. Roule-Graham,
 
 05-122, p. 4 (La.App. 5 Cir. 6/28/05), 907 So.2d 804, 806,
 
 writ denied,
 
 05-1976 (La.2/3/06), 922 So.2d 1184.
 

 Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to | ¿judgment as a matter of law. La. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist.
 
 Mitchell v. Kenner Regional Medical Center,
 
 06-620 p. 5 (La. App. 5 Cir. 1/30/07), 951 So.2d 1193, 1196. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment.
 
 Id., Hyman v. East Jefferson General Hosp.,
 
 04-1222, pp. 3-4 (La.App. 5 Cir. 03/01/05), 900 So.2d 124, 126.
 

 
 *341
 
 In the present case, defendant based its motion for summary judgment on an absence of factual support for plaintiffs claims that the actions of the Kenner police detective were unreasonable or that any of these actions violated plaintiffs constitutional rights. Defendant contends that the evidence presented shows a reasonable basis for the stop and arrest of plaintiff on the date in question. Further, with regard to plaintiffs allegations that the City of Kenner was negligent in arresting her on an erroneous warrant, defendant contends that it has no authority to modify or correct an arrest warrant issued by another governmental entity and that Detective McGregor had no reason to believe that the arrest warrant was issued in error.
 

 |Jn Detective McGregor’s deposition, he testified that on August 18, 1998, he was driving an unmarked police vehicle on 27th Street in Kenner looking for a burglary suspect. He observed plaintiffs vehicle in the middle of the street with another subject leaning into the window of the vehicle. Based on his prior experience in this high-crime area, Detective McGregor believed that plaintiff may have been engaged in narcotics activity. He then watched her vehicle pull off and drive for two blocks, stop and wait and then turn around and drive back in the opposite direction. At this point, Detective McGregor stopped plaintiffs vehicle and asked for her driver’s license, registration and insurance information. Plaintiffs son was in the vehicle, and the detective stated that it is common in narcotics activity to be accompanied by a child. Plaintiff was unable to produce any of the requested items, and Detective McGregor subsequently learned that although plaintiff had a valid driver’s license, there was no insurance on the vehicle. Plaintiff was then issued citations for these infractions.
 

 In addition, Detective McGregor learned that there was an arrest warrant for plaintiff from Jefferson Parish, and after this was verified, plaintiff was placed under arrest. Plaintiff was given the opportunity to call someone to pick up her son, but she chose to leave him with someone in the neighborhood. Detective McGregor admitted that plaintiff told him there was a problem with name on the warrant, but as plaintiff had no identification and the warrant was properly verified by Jefferson Parish, she was brought to the Kenner jail. The employees of the jail were told to investigate whether the warrant had been cancelled or modified in any way. The evidence indicates that plaintiff was released from the city jail within 5 hours of her arrest.
 

 |7After a review of the record in this case, we fail to find factual support for plaintiffs allegations that the Kenner police detective had no reasonable basis for the stop and arrest of plaintiff. The detective’s testimony that plaintiffs was engaged in suspicious activity was supported by the record. The detective’s investigatory stop revealed that plaintiff failed to have pertinent information in her possession, and she did not contest the citation issued for this infraction.
 

 Further, once the detective received information regarding the outstanding warrant in plaintiffs name, he had reasonable grounds to place her under arrest. Although it was subsequently discovered that the warrant was erroneously issued in plaintiffs name, there was no evidence submitted that the City of Ken-ner had responsibility for modification of an erroneous warrant issued by another government entity. Under these circumstances, there is no factual support for plaintiffs claim that the Kenner detective had a duty to verify the correctness of the name on the warrant prior to taking her
 
 *342
 
 under arrest. In addition, the record shows that once plaintiff arrived at the jail, the employees were told to investigate plaintiffs claim that the warrant should not have been issued in her name. Once this information was obtained by the jail employees, plaintiff was released.
 

 Further, although plaintiff alleged that she received improper treatment while she was incarcerated, plaintiff failed to submit sufficient proof of this claim to sustain her burden at trial. We also find no factual basis for plaintiffs claim that the City of Kenner breached a duty of care owed to her son, and plaintiffs conclusory allegations regarding damages suffered by her son are insufficient to defeat summary judgment in this case.
 

 1 «Accordingly, for the reasons assigned herein, we find no error in the ruling of the trial court that there are no genuine issues of material fact regarding the City of Kenner’s liability and that the City of Kenner is entitled to judgment as a matter of law. The judgment is therefore affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The record before us indicates that the State of Louisiana, through the Probation and Parole Office of the Department of Corrections and Jefferson Parish Sheriff Harry Lee remain as defendants in this litigation.