GREG G. GUIDRY, Judge.
 

 |2The Defendant, Renal Care Group, Inc. (Renal Care), appeals from a summary judgment denying coverage under a policy issued by the Defendant, Zurich American Insurance Company (Zurich), relative to a workplace altercation between two employees. We reverse and remand.
 

 On March 15, 2006, the Plaintiff, Toni Nizzo, ' and Defendant, Phyllis Wallace, were involved in a quarrel at the place of their employment, Renal Care. The two were employed as dialysis nurses and were on duty at the time. The Plaintiff alleges that Wallace struck her, causing her to fall and injure her neck and arm.
 

 In March of 2006, Nizzo filed suit against Wallace and against Renal Care asserting that Renal Care is vicariously liable for the Wallace’s intentional acts under the doctrine of
 
 respondeat superior.
 
 In September of 2007, the Plaintiff | aadded Zurich, Renal Care’s Workers’ Compensation and Employers Liability insurer, as a Defendant.
 
 [1]
 

 In January of 2008, Zurich filed a motion for summary judgment denying coverage for the injury. Zurich asserted it does not owe a defense and indemnity to Renal Care because the liability policy excludes injuries resulting from intentional acts, for injuries occurring outside the course and scope of employment, and because Renal Care is not vicariously liable for the intentional acts of Wallace. Renal Care opposed the motion.
 

 In March of 2008, the trial judge granted the motion for summary judgment, dismissing all claims against Zurich.
 

 On appeal, Renal Care contends that the trial judge erred because the policy does not unambiguously exclude coverage for the vicarious liability of an employer in
 
 *443
 
 connection with an intentional act resulting in bodily injuries to an employee. The Appellant also argues that the trial judge erred in finding that Wallace’s actions fell outside the scope of the workers’ compensation law barring coverage under those provisions of the policy.
 

 In regard to the exclusion for intentional acts, Renal Care argues that the incident was accidental as to the company’s involvement, and was intentional only as to Wallace’s behavior. Thus, it argues that the incident should be covered because from the standpoint of the insured the act was not intentional.
 
 [2]
 

 Zurich responds that the policy only covers injuries that are accidental and excludes damages caused by intentional acts regardless of who is at fault.
 

 14The appellate courts review the grant or denial of a motion for summary judgment
 
 de novo,
 
 using the same criteria applied by the trial courts.
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist.
 
 Input/Output, Inc. v. Wilson Greatbatch, Inc,
 
 07-570, p. 6 (La.App. 5 Cir. 1/22/08), 977 So.2d 109, 112-113;
 
 writ denied,
 
 08-0397 (La.4/18/08), 978 So.2d 350. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment.
 
 Id.
 

 The documents submitted in conjunction with the summary judgment here include the policy, and the deposition testimonies of the Plaintiff, Toni Nizzo, the Defendant, Phyllis Forest Wallace, and a co-worker, Toni Lienemann. Nizzo and Lienemann claim that Wallace was angry when Nizzo told her to shut up because Wallace had been complaining incessantly about the assignments. They testified that Wallace angrily walked toward Nizzo, yelling at her telling her (Wallace) to shut up. Wallace then stepped in close to Niz-zo’s face, raised her hands, palms out, and struck/pushed Nizzo who fell to the floor.
 

 15In opposition, Wallace testified in her deposition that Nizzo told Wallace to shut up when Wallace asked Nizzo if she was planning on dumping her (Nizzo’s) patients on her that day. According to Wallace, Nizzo said she was not in the mood for dealing with Wallace that morning. Wallace then started to address Lienemann, but before she completed her sentence, Nizzo leaned into her face screaming for Wallace to shut up, spit flying onto Wallace’s glasses. Wallace said she raised her hand to remove her glasses because she could not see, but the movement startled
 
 *444
 
 Nizzo who stepped back, sat on the edge of the desk, leaned to the left and fell onto the floor. Wallace claims that she did not touch the Plaintiff.
 

 The question of whether Wallace intentionally struck Nizzo causing her to fall, or intentionally caused her to fall without striking her, is a genuine issue as to a material fact. Resolution of these facts is necessary for the determination of the vicarious liability issue. Thus, there we find that the trial judge erred in granting the motion for summary judgment for this reason.
 

 In addition, we find that Zurich also failed to prove that it is entitled to judgment as a matter of law, the second prong for summary judgment.
 

 The Employers’ Liability Insurance policy does not unambiguously exclude coverage to Renal Care. The policy states:
 

 A. How this insurance applies:
 

 This employers’ liability insurance applies to bodily injury by accident or bodily injury by disease.
 

 1. The bodily injury must arise out of and in the course of the injured employee’s employment by you.
 

 2. The employment must be necessary or Incidental to your work in a state or territory listed.
 

 B. We will pay:
 

 We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers’ Liability Insurance.
 

 lr,C. Exclusions:
 

 This insurance does not cover ...
 

 5. Bodily injury intentionally caused or aggravated
 
 by you.
 

 General Section A on the first page of the policy states the policy is “a contract ... between you (the employer named in item 1 of the information Page) and us (the insurer named on the information Page.)” In Section B of the General Section, the policy defines “you.” It states, “You are the insured if you are an employer named in item 1 ...” Renal Care is named in item 1.
 

 An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation set forth in the Louisiana Civil Code.
 
 Comeaux v. State Farm Fire and Cas. Co,
 
 07-957, p. 9 (La.App. 5 Cir. 5/27/08), 986 So.2d 153, 157. Language in an insurance policy that is clear, expresses the intent of the parties, and does not violate a statute or public policy, must be enforced as written. La.C.C. arts.2045-2057;
 
 Comeaux,
 
 07-957 at 9, 986 So.2d at 157-158. If the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage.
 
 Hayne v. Woodridge Condominiums, Inc.,
 
 06-923, p. 10 (La.App. 5 Cir. 4/11/07), 957 So.2d 804, 809. The insurer bears the burden of proving the applicability of policy exclusions.
 
 Comeaux,
 
 07-957 at 9, 986 So.2d at 158.
 

 The language of the policy in this case is not ambiguous. The exclusion for intentional acts applies to “you,” defined as the insured, Renal Care. There are no references in the exclusion to a third party. Because the language is not ambiguous, it is not subject to interpretation, and we must enforce it as written.
 

 l7The Plaintiff asserts a negligence claim against Renal Care for its selection and training of employees, and for the vicarious liability for Wallace’s alleged intentional acts due to its status as the employer.
 
 [3]
 
 
 *445
 
 Neither of these claims involves the intentional acts of Renal Care.
 

 Furthermore, the question of Renal Care’s vicarious liability or the workers’ compensation exclusion for intentional tort cannot be established until the factual questions are resolved. Thus, Zurich failed to prove it was entitled to judgment as a matter of law, and the summary judgment was not properly granted for this reason, as well as the existence of material issues of disputed fact.
 

 Accordingly, the judgment is hereby reversed. The case is remanded for further proceedings.
 

 Costs of the appeal are to be paid by the Defendant, Zurich American Insurance Company.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The Plaintiff received workers’ compensation benefits.
 

 [2]
 

 . Renal Care also argues it’s not vicariously liable for Wallace’s actions. That question is not before us because, in a prior judgment, the trial judge denied Renal Care’s motion for summary judgment on that issue, and the judgment was not appealed.
 

 [3]
 

 . Although the Plaintiff had previously made a claim against Renal Care for an intentional
 
 *445
 
 tort, that claim was dismissed on a summary judgment.