900 So.2d 124 (2005)
Harriet G. HYMAN, Individually, as the Administratrix of the Estate of David Hyman, and as the Administratrix of the Estate of Elliott Hyman
v.
EAST JEFFERSON GENERAL HOSPITAL, ABC Insurance Company, Dr. Carol Bayer and XYZ Insurance Company.
No. 04-CA-1222.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*125 Kenneth J. Beck, Gretna, Louisiana, for Plaintiff/Appellant.
Jacqueline G. Griffith, Lydia Habliston Toso, Carl L. Aspelund, Chehardy, Sherman, Ellis, Breslin, Recile & Griffith, Robert D. Ford, Nakisha Ervin-Knott, Batiza, Godofsky, Penzato, Schroeder & Ford, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
Plaintiff, Harriet Hyman, appeals from the trial court judgment in favor of Defendants, East Jefferson General Hospital and Dr. Carol Bayer, granting the Defendants' Motions for Summary Judgment. For the reasons which follow, we affirm.
Plaintiff, Harriet Hyman ("Hyman"), filed the instant suit on October 16, 2002 in the Twenty Fourth Judicial District Court For The Parish of Jefferson alleging claims of medical negligence on behalf of her deceased son against East Jefferson General Hospital ("EJGH") and Dr. Carol Bayer ("Bayer"). Defendants filed respective Motions for Summary Judgment, both of which were heard on July 30, 2003. The trial court thereafter granted Bayer's Motion for Summary Judgment on August 4, 2003, and EJGH's Motion for Summary Judgment on August 18, 2004. Hyman timely filed the present appeal.

LAW AND ARGUMENT
Hyman's lone assignment on appeal is that the trial court erred in finding that the plaintiff in a medical negligence case is required to retain an expert physician to prevail on a motion for summary judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment *126 is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A material fact is one that would matter on the trial of the merits.[5]
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the trial court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[6]
Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion.[7]
In the present case, Hyman alleges that her son, David Hyman, was admitted to East Jefferson General Hospital on November 12, 1997 with a diagnosis of schizophrenia, for which he had been treated for several years. Upon his admission to East Jefferson, the hospital was notified of Hyman's allergy the medications Stelazine, Thorazine, and Haldol. During his stay at East Jefferson, records show that Hyman became combative toward the medical staff, and was given the medication Navane, to subdue him. Plaintiff then contends that the hospital failed to monitor David Hyman closely after the Navane was administered, even in light of his known allergy to similar medications, and that the failure to monitor David Hyman ultimately led to his death by asphyxiation. In her petition, plaintiff alleges that Dr. Bayer was negligent in allowing the medication to be administered without ordering close supervision. Plaintiff further alleges that EJGH was negligent in failing to monitor Hyman's condition.
*127 In regard to the burden of proof that a plaintiff must bear in a medical malpractice action, LA R.S. 9:2794 provides, in relevant part:
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq ... the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
On August 9, 2002, a medical review panel determined that the evidence failed to support a finding that defendants failed to meet the applicable standard of care. The opinion of the medical review panel was also attached to defendants' Motions for Summary Judgment. The medical review panel found that the evidence did not support the conclusion that the defendant physicians failed to meet the applicable standard of care. The panel issued reasons for its findings stating:
AS TO EAST JEFFERSON HOSPITAL:
1. There is nothing in the records presented to the panel to review to indicate that the hospital and/or its employees deviated from the standard of care
AS TO DR. CAROL BAYER:
1. Review of the record indicates that the patient was monitored and treated appropriately.
2. There is no evidence in the record to indicate an untoward reaction to the medication, i.e., EPS or allergic.
3. Quetiapine (Serogel) and Navane were appropriate drugs for the patient's mental condition given his severe agitation.
In support of her opposition to defendants' Motions For Summary Judgment, Hyman entered into evidence partial medical records, what appears to be an information sheet on the medication Navane, and the sworn affidavit of a registered nurse, Mary Preen, who stated that she had been working in the field of psychiatric nursing "for many years." In her affidavit, Preen provides an opinion that the treatment rendered to David Hyman by Bayer and EJGH are below local and national standards of care.
On appeal, Hyman admits that Nurse Preen would be unable to give an expert opinion regarding the applicable standard of care in this case at trial, while at the same time asserting that such an opinion is unnecessary. Hyman relies on the reasoning of cases such as Pfiffner v. Correa,[8] which stand for the proposition that expert opinions are not be required under circumstances where a physician does an obviously *128 careless act, "such as amputating the wrong arm, dropping a knife, scalpel or acid on a patient, or leaving a sponge in a patient's body," from which a lay person can infer negligence from the facts. Hyman claims that by pointing out instances in the medical record where a doctor's orders were not apparently followed, Preen establishes, as per Pfiffner, that the acts of negligence are obvious.
This Court considered a similar issue in the case of Perricone v. East Jefferson General Hosp.[9] In Perricone, the plaintiff had brought a medical malpractice action for injuries sustained in a fall at the hospital. In that case, defendants sought summary judgment, which the plaintiff opposed without listing a single expert witness as to the standard of care to be used by treating physicians, but instead introduced a document that reflected the standard of care to be applied by nurses. In that case, we held that summary judgment was appropriate because plaintiff failed to present any evidence as to what was required of the treating doctors.
Both LA R.S. 9:2794, and Louisiana courts have held that, in meeting the enumerated burden for a malpractice action, a plaintiff may rely on expert testimony. As this Court noted in Manning v. Sketchler:[10]
Expert witnesses who are members of the medical profession are usually necessary sources of proof in medical malpractice actions to establish the standard of care under the circumstances and to determine whether the defendant doctor possessed the requisite degree of skill and knowledge or failed to exercise reasonable care and diligence. Seagers v. Pailet, 95-52 (La.App. 5 Cir. 5/10/95), 656 So.2d 700.
In the present case, the trial court found that the facts of the case warranted expert testimony as to the standard of care. While Hyman argued that the medical review panel could fulfill that requirement, as the trial court noted, "They've (the medical review panel) already stated that there was, in fact, no breach of the standard of care in this case . . ." After a review of the record, we can not say that the trial court erred in finding a genuine issue of material fact did not exist, in light of an absence of admissible expert testimony relevant to the standard of care.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Bua v. Dressel, 96-79 (La.App. 5th Cir.5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
[2] Tassin v. City of Westwego, 95-307 (La.App. 5th Cir.12/13/95), 665 So.2d 1272.
[3] Rowley v. Loupe, 96-918 (La.App. 5th Cir.4/9/97), 694 So.2d 1006.
[4] Id. at 1008.
[5] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir.2/14/96), 670 So.2d 1305.
[6] La. C.C.P. art. 966(C)(2).
[7] Foster v. Consolidated Employment Systems, Inc., 98-948 (La.App. 5th Cir.1/26/99), 726 So.2d 494; writ denied, XXXX-XXXX (La.4/30/99), 741 So.2d 14.
[8] 94-0924 (La.10/17/94), 643 So.2d 1228
[9] 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
[10] 99-1128 (La.App. 5 Cir. 3/22/00), 759 So.2d 869.