WALTER J. ROTHSCHILD, Judge.
 

 | -¡Plaintiff appeals from the trial court’s judgment rendered on July 28, 2010 granting defendants’ motion for summary judgment on the issue of insurance coverage. For the reasons assigned herein, we affirm.
 

 Timothy Young filed the instant petition for damages based on an incident which occurred while he was employed as a cook by Gattuso’s Restaurant. In this petition, Mr. Young alleged that on May 16, 2008, a waitress at the restaurant intentionally struck him in the back with a dinner plate, causing injury. Mr. Young named as defendants Jane Doe, a fictitious name for the waitress; Lesley Enterprises, L.L.C., the owner of the restaurant; and The Charter Oak Insurance Company, defendant’s workers’ compensation insurer. Young supplemented his petition to name as defendant Penn-America Insurance Company as defendant’s commercial general liability insurer. Young also supplemented his petition to name the waitress, Brooke Hudson.
 

 
 *633
 
 After filing responsive pleadings, Penn-America brought a Motion for Summary Judgment on the basis that it did not issue a policy of insurance to Lesley Enterprises, L.L.C., and any policy it issued excluded coverage 14for plaintiffs injuries. Plaintiff subsequently amended his petition to allege that BG Specialties, L.L.C. was the owner and operator of Gattuso’s Restaurant.
 

 In support of its motion, Penn-America submitted a copy of the insurance policy issued to BG Specialties. Penn-America argued BG Specialties was not plaintiffs employer, and further that the policy excluded coverage for claims arising from employment-related acts.
 

 Defendants, Lesley Enterprises, L.L.C., The Charter Oak Fire Insurance Company and Brooke Hudson, also moved for summary judgment on the grounds that plaintiffs claims are limited to workers’ compensation. In support of this motion, defendants attached copies of the depositions of plaintiff and Brooke Hudson. Defendants submit that based on this testimony, plaintiff could not prove that his injury was caused by an intentional act sufficient to exclude it from workers’ compensation coverage.
 

 These motions were heard by the trial court on July 28, 2010, following which the court rendered summary judgment in favor of Lesley Enterprises, LLC, The Charter Oak Fire Insurance Company, and Brooke Hudson, and dismissed plaintiffs case. By separate judgment, the motion of Penn-America Insurance Company was denied as moot. The trial court also assigned written reasons for judgment.
 

 By this appeal, plaintiff contends that the trial court erred in finding that defendants met their burden on summary judgment of proving an absence of factual support that an intentional act occurred. Plaintiff contends that although his injury occurred at work, issues of fact regarding the amount of force used during the act preclude the trial court from dismissing plaintiffs tort claims as a matter of law.
 

 | ^Summary judgments are reviewed on appeal
 
 de novo.
 
 An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512, pp. 26-27 (La.7/5/94), 639 So.2d 730, 750-51;
 
 Carr v. Wal-Mart Stores, Inc.,
 
 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865,
 
 writ denied,
 
 00-3247 (La.1/26/01), 782 So.2d 636.
 

 Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist.
 
 Mitchell v. Kenner Regional Medical Center,
 
 06-620, p. 5 (La.App. 5 Cir. 1/30/07), 951 So.2d 1193, 1196. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment.
 
 Id., Hyman v. East Jefferson General Hosp.,
 
 04-
 
 *634
 
 1222, pp. 3-4 (La.App. 5 Cir. 03/01/05), 900 So.2d 124, 126.
 

 16The Louisiana Worker’s Compensation Act provides for compensation if an employee receives personal injury by accident arising out of and in the course of his employment. La. R.S. 23:1031. As a general rule, the rights and remedies granted to an employee therein are exclusive of all rights and remedies against his employer, any officer or principal of the employer, or any co-employee. La. R.S. 23:1032. However, an exception to this rule provides that nothing therein shall affect the liability of an employer, principal, officer, or co-employee resulting from an “intentional act”.
 
 Id.
 

 In interpreting the statute, the Louisiana Supreme Court has held that compensation shall be an employee’s exclusive remedy against his employer for an unintentional injury covered by the act, but that nothing shall prevent an employee from recovering from his employer under general law for an intentional tort.
 
 Bazley v. Tortorich,
 
 397 So.2d 475 (La.1981);
 
 Caudle v. Betts,
 
 512 So.2d 389, 390 (La.1987).
 

 Plaintiff contends that an intentional tort occurred in this case when Ms. Hudson struck him with the dinner plate. In support of this argument, plaintiff relies on the Supreme Court’s decision in
 
 Caudle v. Betts, supra.
 
 In that case, the plaintiffs co-employee intentionally shocked him with an automobile condenser, but stated he did not intend the harm which eventually occurred because of the shock. The trial court found no intentional tort occurred and the appellate court affirmed this finding. The Supreme Court reversed the lower courts’ decisions that an intentional act had not occurred. The Supreme Court found that even if the act resulted from a practical joke and the actor did not intend the consequences of his actions, he is nevertheless responsible for plaintiffs injuries.
 

 17Pefendants rely on more recent jurisprudence which cites the seminal decision of
 
 Bazley v. Tortorich,
 
 397 So.2d 475 (La.1981), stating that an intentional act requires the actor to either 1) consciously desire the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.
 
 See, Batiste v. Bayou Steel Corp.,
 
 10-1561 (La.10/1/10), 45 So.3d 167, 168. In those cases, the Louisiana Supreme Court held that a plaintiff must prove that the actor knew the injury was substantially certain to occur to recover for an intentional tort.
 

 Further, in
 
 Chabert v. Mothe Life Insurance Company,
 
 04-590 (La.App. 5th Cir. 11/30/04), 890 So.2d 621, a panel of this Court found that there was insufficient evidence to determine that one employee’s “bumping” of another employee, although intentional, was substantially certain to cause the employee to fall or become injured. The Court found that plaintiffs exclusive remedy was in workers’ compensation.
 

 After a review of the record in the present case and all applicable law, we find no error in the trial court’s ruling granting summary judgment in favor of defendants. In order to prove that damages from his workplace injury claim do not lie exclusively in workers’ compensation, plaintiff must prove at trial that Ms. Hudson consciously desired the physical result of her act or that she knew it was substantially certain to follow from her conduct. In Ms. Hudson’s deposition, she testified that while she intended to touch Mr. Young with the plate, she did not intend to harm him but rather expected him to laugh. Also, plaintiff testified in his deposition
 
 *635
 
 that he did not think Ms. Hudson intended to hurt him. The plate was estimated to weigh | ¡^approximately one pound, and it did not break during the encounter. Under these circumstances, we find Ms. Hudson’s belief that she would not injure Mr. Young with the plate to be reasonable. This case is therefore distinguishable from the factual situation in
 
 Caudle v. Betts,
 
 when the Supreme Court found that it was not reasonable to believe that administering an electrical shock on a co-worker was not substantially certain to cause injury.
 

 Based on the facts of this case, we conclude that defendants proved an absence of factual support that the injury in this case was a result of an intentional act. Plaintiff failed to meet his burden on summary judgment of submitting evidence sufficient to show he could meet his burden of proof at trial. Accordingly, the trial court correctly determined that defendants were entitled to judgment as a matter of law dismissing plaintiffs tort claims against them. The judgment of the trial court is therefore affirmed.
 

 AFFIRMED