WALTER J. ROTHSCHILD, Judge.
| ¡.Plaintiffs George and Lisa Alonzo appeal from a trial court ruling granting summary judgment in favor of defendant, Alien Car Wash, LLC. For the reasons stated herein, we affirm.
In their petition, plaintiffs allege that George Alonzo was a customer of Safari Car Wash on September 9, 2008 when he slipped in a puddle of water outside the customer restroom and sustained injuries. Plaintiffs alleged that this unreasonable and hazardous condition was caused by defendant’s employees who tracked water into the building, and that defendant had actual or constructive knowledge of the danger. Lisa Alonzo also sought damages for the loss of love and affection sustained as a direct consequence of injuries sustained in the fall by her husband George. Defendant, Alien Car Wash, LLC, incorrectly named as Safari Car Wash, Inc., answered the petition and denied the allegations, and further propounded discovery to plaintiff.
Following the deposition of plaintiff George Alonzo, defendant moved for summary judgment on the grounds that plaintiffs deposition testimony | .^contradicted the allegations of his petition. Defendant further argued that plaintiff failed meet his burden of proof on summary judgment. Specifically, defendant points out that plaintiff stated that he was unsure what caused his fall, but that he guessed it was water. Plaintiff opposed the motion, and attached medical records as well as his own affidavit stating that he was taking pain medication at the time of the deposition. He further averred in the affidavit that he slipped while exiting the restroom and noticed that his pants, shoes and socks were wet after the fall. He also stated the floor was concrete without a non-skid surface and he did not see any floor mats. The motion was initially denied by the trial court.
Defendant subsequently filed a second motion for summary judgment on the same grounds with additional evidence submitted in support thereof, and this motion was granted by the trial court by judgment signed on August 18, 2010. It is from this judgment that plaintiffs now appeal.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991); Pizani v. Progressive Ins. Co., 98-225, p. 3 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show *511 that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). If the adverse party fails to produce factual support sufficient to show that he will be able to meet hisLevidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Hyman v. East Jefferson General Hosp., 04-1222, pp. 3-4 (La.App. 5 Cir. 03/01/05), 900 So.2d 124, 126.
The applicable law, La. R.S. 9:2800.6, provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3)The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
In order to recover damages for the slip and fall, plaintiffs have the burden of proving all three of the requirements of La. R.S. 9:2800.6(B), and the failure to prove any is fatal to the cause of action. In order to meet the burden, plaintiffs must make a positive showing of the existence of the condition prior to the fall. The defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. La. R.S. 9:2800.6 does not Lprovide for a shifting of the burden. See, White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97), 699 So.2d 1081, 1086.
In its motion for summary judgment, defendant argued that plaintiffs failed to meet their burden of proof that there was a “condition” on defendant’s premises which caused Mr. Alonzo to slip and fall. Defendant attaches to the motion the deposition testimony of George Alonzo who, when asked what caused him to slip, stated as follows:
I guess the floor was damp. I didn’t really see it, because I — you know, I wasn’t looking down when I walk.
Mr. Alonzo further stated that he assumed the floor was wet, but that he did not look on the floor after the fall to see what he would have slipped on. Defendant contends that based on this testimony, plaintiffs are unable to meet the requirement of La. R.S. 9:2800.6(B)(1) to prove the existence of a condition which presented an unreasonable risk of harm.
*512 In opposition to the motion, plaintiffs submitted medical evidence that George Alonzo was taking pain medication on the date of his deposition testimony. They also submitted an affidavit of George Alonzo who stated that after the fall, he noticed that his clothing was wet. Plaintiffs argue that this circumstantial evidence is sufficient to establish the existence of a hazardous condition. Further, plaintiffs contend that the condition of the floor was hazardous because it was concrete without an anti-skid surface, there were no mats or carpet in place, and defendant’s employees were allowed to enter the building in wet clothes and shoes.
In its second motion for summary judgment, defendant submitted the deposition testimony of Dr. Keith Larkin, George Alonzo’s treating physician, who Instated that the medication prescribed to Mr. Alonzo on the date of the deposition would not have affected his cognitive abilities.
The record in this case indicates that George Alonzo testified that he was unable to identify the condition of the floor in defendant’s premises on the date of the fall. Although plaintiffs cite to circumstantial evidence to overcome their burden of proof, we fail to. find that plaintiffs’ claim that the floor must have been wet to be sufficient to meet plaintiffs’ burden of proof in this matter. Further, defendant submitted competent evidence that Mr. Alonzo’s testimony on the date of the deposition was not impaired, and we therefore decline to consider the affidavit insofar as it contradicts plaintiffs prior statement during discovery.
For the reasons stated herein, we find that defendant established a lack of factual support for an essential element of the Alonzos’ claim and, thereafter, plaintiffs failed to establish that they would be able to satisfy their evidentiary burden of proof at trial. Summary judgment was properly granted. The judgment of the trial court is therefore affirmed.

AFFIRMED